**Robert L. BALLAS, Plaintiff–Appellant,**

v.

**John POTTER, Postmaster General, United States Postal Service, Defendant–Appellee.**

**Docket No. 02–6003.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2002.

Alan E. Wolin, Wolin & Wolin, Esqs., Jericho, NY, for Appellant.

Alan Vinegrad, United States Attorney for the Eastern District of New York, Central Islip, NY, for Appellee.

Present MESKILL and SACK, Circuit Judges, and MURTHA,* District Judge.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-appellant Robert L. Ballas appeals from the final judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*), dismissing plaintiff's complaint after a jury trial.

Ballas, who has difficulty walking due to arthritis, ended his employment with the Lindenhurst Post Office after the Postal Service repeatedly denied his requests for a desk-top telephone. Ballas alleges that the telephone was necessary for his job and that without one he was forced to walk excessively to use his supervisor's phone. Ballas filed suit against the Postal Service claiming failure reasonably to accommodate, constructive discharge, and retaliation, all under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, *et seq.*

Following a jury trial, the jury returned a verdict for the defendant, based on the following findings: (1) plaintiff had a physical impairment that substantially limited his ability to walk; (2) the use of a telephone was not an essential function of the plaintiff's position; (3) plaintiff did not require a reasonable accommodation to perform his duties; and (4) plaintiff did not suffer any adverse employment action. The first three findings led to a verdict for the defendant on the failure reasonably to accommodate and constructive discharge claims. The fourth finding led to a verdict for the defendant on the retaliation claim. The district court denied plaintiff's motion for judgment as a matter of law, and judgment was entered for the defendants on November 30, 2001. Plaintiff now appeals, arguing that the district court erred in failing to grant plaintiff's motion for judgment as a matter of law.

We review *de novo* a district court's decision on a motion for judgment as a matter of law. *De Falco v. Bernas*, 244 F.3d 286, 305 (2d Cir.2001). "[J]udgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for a party." *Id.* (quotations and citation omitted). Ballas's claims of reasonable accommodation, constructive discharge, and retaliation were all premised on the assertion that telephone use was essential to his job, and the jury finding to the contrary eliminated all of plaintiff's claims: if telephone use was not essential, defendant did not fail reasonably to accommodate plaintiff by failing to provide him with a phone. If defendant did not fail reasonably to accommodate plaintiff, an essential element of a constructive discharge claim, there was no constructive discharge. And if there was no constructive discharge, which plaintiff alleged constituted the adverse employ-

ment action element of his retaliation claim, then there was no retaliation.

Ballas testified that his job required him to process undeliverable mail, and that he would often telephone customers to verify new addresses and the computer-forwarding system to communicate the new information. Both the Lindenhurst Postmaster and Ballas's immediate supervisor, however, testified that such telephone use hindered Ballas's efficiency, that they had repeatedly instructed Ballas not to telephone customers or the computer-forwarding system, and that a telephone was not required to do Ballas's job. We conclude that the jury finding that telephone use was not essential to Ballas's job was based on legally sufficient evidence, and that the district court did not err in denying plaintiff's motion for judgment as a matter of law.

Ballas also argues that the district court erred in its instructions to the jury. Generally, in order to preserve for appeal an objection to a jury charge, a party must object before the jury retires to consider a verdict. *Fogarty v. Near N. Ins. Brokerage, Inc.,* 162 F.3d 74, 79 (2d Cir.1998). The objections now before this court were not raised before the jury retired. Plaintiff does not allege, and we do not find, plain error. Consequently, we will not consider these objections now.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.